UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

MARY MORICAL,

Plaintiff,

Civil No. 01-409 DWF/AJB

v.

**ORDER**

FIRST REVENUE ASSURANCE,

Defendant.

---

This case came before the Court on Plaintiff's motion to amend the complaint and to compel discovery. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is granted in part, denied in part and dismissed in part [Docket No. 7];
2. To the extent that it seeks to amend the complaint, Plaintiff's motion is granted;
3. To the extent that it seeks discovery, Plaintiff's motion is moot and is therefore dismissed without prejudice; and
4. To the extent that it seeks fees and costs, Plaintiff's motion is denied.

Dated: 10/11/01

Arthur J. Boylan
United States Magistrate Judge

FILED OCT 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

# MEMORANDUM

## A. Discovery

This case came before the Court on Plaintiff's motion seeking, *inter alia*, to compel discovery and for $2,500 in attorney's fees in connection with the motion to compel. At the hearing on this matter, it was represented that, after the motion was filed, Defendant answered the at-issue discovery requests. Having no reason to doubt this representation, the Court dismisses Plaintiff's motion to the extent that it seeks discovery. The remaining issue is whether Plaintiff is entitled to attorney's fees in connection with the motion to compel.

If requested discovery is produced after a motion to compel is filed, the Court shall require the party necessitating the motion to pay to the moving party the expenses incurred in making the motion, unless the non-disclosure was substantially justified or unless circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(4)(A). Here, the Court concludes that awarding expenses would be unjust.

On May 14, 2001, Plaintiff served Defendant with various discovery requests. Defendant asserts that:

1. On or about May 29, 2001, (which is before the discovery responses were due), Defendant admitted liability and offered to engage in settlement negotiations.
2. Defendant was justified in believing that discovery would be stayed pending settlement negotiations.
3. On or about August 22, 2001, only after settlement negotiations faltered, Plaintiff demanded the May 14, 2001 discovery requests.

4. On or about September 20, 2001, (which is less than 30 days after Plaintiff made the renewed demand for discovery), Defendant served responses to the May 14, 2001 discovery requests.

Although Plaintiff *generally* accuses Defendant of discovery abuses, Plaintiff does not attempt to refute any of the aforementioned assertions made by Defendant. Therefore, the Court believes that awarding expenses in this situation would be unjust, not only in a generic sense, but especially unjust given the favor with which the Court looks upon negotiated settlements.

**B. Amended Complaint**

Plaintiff's motion also seeks leave to amend her complaint to allege invasion of privacy. According to the Pretrial Scheduling Order in this case, all motions which seek to amend the pleadings should have been served by August 1, 2001. Plaintiff's motion was not served until September 19, 2001 and so; pursuant to FED. R. CIV. P. 16(b)(6), Plaintiff must show good cause for modifying the Pretrial Scheduling Order. The good cause standard "demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 581-82 (D. Minn. 1999). The question of good cause does not turn on the existence or absence of prejudice to the non-moving party. Id. at 582.

In showing good cause, Plaintiff points out that she did not receive Defendant's collection records until August 3, two days after the deadline for filing motions to amend. Plaintiff argues that, after, but not before, receiving the collection records, she had a good faith basis for claiming invasion of privacy. The Court concludes that Plaintiff has demonstrated good

cause as contemplated by FED. R. CIV. P. 16(b)(6). The remaining issue is whether Plaintiff has satisfied the dictates of FED. R. CIV. P. 15.

After an answer to a pleading has been filed, a party "may amend the . . . pleading only by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The decision whether to grant leave to amend a pleading is left to the sound discretion of the district court. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). Justification for denying a motion to amend includes (1) undue delay, (2) bad faith or dilatory motive on the part of the moving party, (3) futility of the amendment and (4) undue prejudice to the opposing party by virtue of allowance of the amendment. Id. Here, the Court does not find justification for denying the motion.

First, the Court does not conclude that Plaintiff has brought the amendment in bad faith. Plaintiff brought the motion only after being provided a good faith basis to bring the additional claim. Next, Defendant does not articulate any specific way in which it would be prejudiced. In any event, at oral argument, Defendant conceded that any prejudice could be alleviated by amending the Pretrial Scheduling Order. Thirdly, although Defendant argues that the proposed invasion of privacy claim is futile, the Court cannot say that the claim would be clearly frivolous. Futility should not be the basis for denying a motion to amend unless the new claim is clearly frivolous. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) (citation omitted). Lastly, given the reasons just stated, Defendant is left with only an "undue delay" argument. Delay alone is insufficient to deny the motion. Bell, 160 F.3d at 454.

AJB