**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

MARY MORICAL,

Plaintiff,

v.

FIRST REVENUE ASSURANCE,

Defendant.

Civil No. 01-409 DWF/AJB

**ORDER**

---

This case came before the Court on Plaintiff's motion to amend to plead punitive damages as to Count II. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is granted [Docket No. 15].

Dated: 11/14/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

A Plaintiff seeking leave to demand punitive damages "is not required to demonstrate an entitlement to punitive damages *per se*, but only an entitlement to allege such damages." Ulrich v. City of Crosby, 848 F.Supp. 861, 867 (D. Minn. 1994) (emphasis in original). This requires a plaintiff to demonstrate *prima facie* evidence of entitlement. Id. "[P]rima facie evidence is that evidence which, if unrebutted, would support a judgment in the movant's favor." Swanlund v. Shimano Indus. Corp., Ltd., 459 N.W.2d 151, 154 (Minn. Ct. App. 1990).

FILED NOV 15 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff's motion relies on the "deliberate disregard" standard of MINN. STAT. § 549.20, subd. 1. Under that standard, "the Court is obliged to search for evidence which is 'clear and convincing.' To be 'clear and convincing,' there must be 'more than a preponderance of the evidence but less than proof beyond a reasonable doubt.'" Ulrich, 848 F.Supp. at 868.

According to Plaintiff's affidavit, over the course of nine days, Defendant placed seven dunning calls to Plaintiff's place of work, despite her requests to stop doing so. The Court concludes that Plaintiff has provided evidence that, if unrebutted, would allow a reasonable jury to find, by clear and convincing evidence, that Defendant deliberately disregarded Plaintiff's right to be free from an invasion of privacy.

AJB